O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CATHY L. ADAMS, | ) | NO. EDCV 11-01509-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on September 27, 2011, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  On October 26, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  The parties filed a Joint Stipulation on July 2, 2012, in which:  plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

1    **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

2

3        On August 29, 2008, plaintiff filed an application for a period of
4    disability, DIB, and SSI alleging an inability to work since March 16,
5    2006, due to fibromyalgia, restless leg syndrome, irritable bowel
6    syndrome, diabetes, mood disorder, degenerative disc disease, and high
7    blood pressure. (*See* Administrative Record ("A.R.") 21, 35, 53-56, 124-
8    27, 128-31, 148.)  Plaintiff has past relevant work experience "in home
9    care." (A.R. 148.)

10

11       The Commissioner denied plaintiff's application initially and upon
12   reconsideration. (A.R. 57-60, 64-70.)  On May 3, 2010, plaintiff, who
13   was represented by counsel, appeared and testified at a hearing before
14   Administrative Law Judge Joseph D. Schloss (the "ALJ"). (A.R. 28-52.)
15   Vocational expert Sandra Fioretti also testified. (*Id.*)  On June 10,
16   2010, the ALJ denied plaintiff's claim (A.R. 18-27), and the Appeals
17   Council subsequently denied plaintiff's request for review of the ALJ's
18   decision (A.R. 1-6).  That decision is now at issue in this action.

19

20   **SUMMARY OF ADMINISTRATIVE DECISION**

21

22       The ALJ found that plaintiff has not engaged in substantial gainful
23   activity since March 16, 2006, the alleged onset date of her disability.
24   (A.R. 20.)  The ALJ further determined that plaintiff has the severe
25   impairments of "fibromyalgia syndrome and diabetes mellitus."[1] (*Id.*)

26   _____

27       [1]   With respect to plaintiff's other alleged impairments, the ALJ
     stated that, "[plaintiff]'s alleged mood disorder, restless leg
28   syndrome, and irritable bowel syndrome are not documented by the

2

He concluded that these impairments do not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the Listing of Impairments.  (A.R. 21.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform less than the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).  (A.R. 22.)  Specifically, the ALJ found that plaintiff:

> can lift and/or carry 50 pounds occasionally; push and pull within these weight restrictions; stand and/or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday.  She can perform postural activities frequently, including climbing, bending, stooping, crouching, squatting, crawling, and reaching.  She can do fine fingering frequently.

(*Id.*)

The ALJ found that plaintiff is capable of performing her past relevant work as a home attendant, companion, and day worker on a full time basis.  (A.R. 24.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from March 16, 2006, the date her application was filed, through June 10, 2010, the date of his decision.  (*Id.*)

---

objective medical evidence and are found to be non-severe impairments[,] . . . [and her] hypertension is controlled with medication and is a non-severe impairment."  (A.R. 21.)  The ALJ's findings in this respect are not challenged by plaintiff.

1

2

**STANDARD OF REVIEW**

3        Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

4   decision to determine whether it is free from legal error and supported

5   by substantial evidence.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir.

6   2007).  Substantial evidence is "'such relevant evidence as a reasonable

7   mind might accept as adequate to support a conclusion.'"  Id. (citation

8   omitted).   The "evidence must be more than a mere scintilla but not

9   necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873

10  (9th Cir. 2003).   "While inferences from the record can constitute

11  substantial evidence, only those 'reasonably drawn from the record' will

12  suffice."   Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.

13  2006)(citation omitted).

14

15       Although this Court cannot substitute its discretion for that of

16  the Commissioner, the Court nonetheless must review the record as a

17  whole, "weighing both the evidence that supports and the evidence that

18  detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of

19  Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also

20  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).   "The ALJ is

21  responsible for determining credibility, resolving conflicts in medical

22  testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d

23  1035, 1039 (9th Cir. 1995).

24

25       The Court will uphold the Commissioner's decision when the evidence

26  is susceptible to more than one rational interpretation.   Burch v.

27  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   However, the Court may

28  review only the reasons stated by the ALJ in his decision "and may not

4

affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims the ALJ failed to consider properly:  (1) the opinion of plaintiff's treating physician, Ted Lee, M.D.; and (2) plaintiff's testimony. (Joint Stipulation ("Joint Stip.") at 4.)

**I.  The ALJ Failed To Give Specific And Legitimate Reasons Supported By Substantial Evidence For Rejecting The Opinion Of Plaintiff's Treating Physician, Ted Lee, M.D..**

Plaintiff claims that the ALJ improperly rejected the opinion of her treating physician, Dr. Ted Lee. (Joint Stip. at 5-8.)  The Court agrees.

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989).  When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear

and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended).  When contradicted by another doctor, a treating physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id*.

Fibromyalgia is not well-understood and is difficult to diagnose.  *See* Jordan v. Northrop Grumman Corp. Welfare Plan, 370 F.3d 869, 872 (9th Cir. 2004)(noting that "fibromyalgia's cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective"), *overruled on other grounds in* Abatie v. Alta Health & Life Ins., 458 F.3d 955, 970 (2006); Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)("fibromyalgia . . . [is an] elusive and mysterious . . . disease").  "The principal symptoms [of fibromyalgia] are 'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch."  Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001)(*quoting* Sarchet, 78 F.3d at 306.)  Because of the nature of fibromyalgia, its diagnosis necessarily hinges on a claimant's subjective symptoms; "[t]here are no laboratory tests for the presence or severity of fibromyalgia."  Jordan, 370 F.3d at 872; Sarchet, 78 F.3d at 306 (same).

On January 6, 2010, plaintiff's treating doctor, Dr. Lee, completed a "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)" in which he diagnosed plaintiff with fibromyalgia, severe back pain, and

degenerative disc disease. (A.R. 318-20.) Dr. Lee noted that plaintiff's impairments limited her ability to work. (A.R. 320.) He opined that plaintiff was limited to, *inter alia*: lifting and carrying less than ten pounds on an occasional and frequent basis; sitting, standing, and walking less than two hours in an eight-hour workday; never twisting, crouching, climbing stairs or ladders, and occasional reaching; avoid moderate exposure to extreme cold, wetness, humidity, noise, and fumes; and avoid all exposure to extreme heat and hazards. (A.R. 318-20.) Dr Lee also opined that plaintiff would miss at least three days of work per month due to her impairments. (A.R. 320.)

The ALJ gave "limited weight" to the limitations that "Dr. Lee ascribes . . . to [plaintiff]'s fibromyalgia pain," because it was "not supported by the treatment records from Neighborhood Health[c]are including those prepared by Dr. Lee." (A.R. 23.) This sole reason given by the ALJ for rejecting the opinion of Dr. Lee is inadequate, as it fails to reach the level of specificity required for rejecting a medical opinion. <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988)("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.")(footnote omitted).

Further, the ALJ's assertion that Dr. Lee's medical opinion lacks support in the treatment records is incorrect. Although many of the

treatment notes from Neighborhood Healthcare are illegible, the record contains various reports related to plaintiff's treatment for fibromyalgia or some of its symptoms (*i.e.*, pain, fatigue, stiffness, and disturbed sleep). (*See* A.R. 251 – 11/17/08 (fibromyalgia noted by Dr. Lee); A.R. 252 - 01/07/09 (fibromyalgia and insomnia noted by Dr. Lee); A.R. 378 - 04/28/09 (fibromyalgia and pain noted by Gerard J. Carvalho, M.D.); A.R. 401 – 09/08/09 (fibromyalgia, back pain, and spasms noted by Dr. Lee); A.R. 400 – 09/22/09 (fibromyalgia noted by Dr. Lee); A.R. 375 - 10/12/09 (chest pain, palpitations, back pain, joint stiffness, joint swelling noted by Bryan Sauter, PA-C); A.R. 392 – 12/09/09 (fibromyalgia noted, although doctor's name is illegible); A.R. 365 - 01/27/10 (mild sleep apnea and fatigue noted by Robert Troell, M.D.); A.R. 383-84 - 03/02/10 (chest pain palpitations, back pain, joint stiffness, and joint swelling noted by Bryan Sauter, PA-C); A.R. 388 – 03/10/10 (reflecting Dr. James Y. Tsai's opinion that plaintiff's "[e]levated Haptoglobin [is] likely due to Fibromyalgia and IBS").)

Moreover, on August 24, 2010, after the ALJ rendered his decision, Dr. Lee completed a "Fibromyalgia Disease Residual Functional Capacity Questionnaire" in which he noted that he had monthly contact with plaintiff.[2]   (A.R. 418.)   He noted "clinical exam consistent with

---

[2]     This Questionnaire was not part of the record when the ALJ rendered his decision on June 10, 2010. (*See* A.R. 4.)   Although this Questionnaire was submitted to the Appeals Council after the ALJ had issued his decision -- and thus, contrary to plaintiff's contention, the ALJ cannot be faulted for failing to address it -- defendant does not argue that this evidence is not part of the record or that this Court cannot consider it in determining whether the ALJ's decision is supported by substantial evidence. *See* Ramirez v. Shalala, 8 F.3d 1449, 1451–52 (9th Cir. 1993)(reviewing court may consider evidence submitted to Appeals Council in determining whether ALJ's decision is supported by substantial evidence); Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.

fibromyalgia." (*Id.*) Dr. Lee listed plaintiff's symptoms as including multiple tender points, nonrestorative sleep, chronic fatigue, morning stiffness, muscle weakness, numbness, tingling, and breathlessness. (*Id.*) He noted that plaintiff had severe pain at all tender points. (A.R. 419.) Dr. Lee also noted that plaintiff's medications cause certain side effects, such as nausea and sedation. (A.R. 420.) He further indicated that during a typical workday, plaintiff frequently experiences pain or other symptoms severe enough to interfere with her attention and concentration. (*Id.*) Specifically, with respect to plaintiff's functional limitations, he stated that plaintiff cannot sit longer than ten minutes at one time, she cannot stand for longer than five minutes at one time, and she can only sit and stand/walk for less than two hours in total during an eight hour working day. (*Id.*) Dr. Lee further opined that plaintiff can lift and carry less than ten pounds occasionally, but never anything over ten pounds, and has significant limitations in doing repetitive reaching, handling or fingering. (A.R. 421.) Significantly, Dr. Lee also opined that plaintiff is likely to be absent from work more than three times a month as a result of her impairments or treatment. (A.R. 422.) Dr. Lee concluded that plaintiff was permanently disabled due to fibromyalgia. (*Id.*)

Thus, the ALJ's conclusion that Dr. Lee's assessment is not supported by the treatment records, including those prepared by Dr. Lee

2000)(additional materials submitted to Appeals Council properly may be considered, because Appeals Council addressed them in context of denying claimant's request for review); <u>Gomez v. Chater</u>, 74 F.3d 967, 971 (9th Cir. 1996)(evidence submitted to Appeals Council is part of record on review to federal court).

1    himself, is undermined not only by the evidence of record before the ALJ
2    at the time of his decision but also by the August 24, 2010
3    Questionnaire submitted by plaintiff to the Appeals Council after the
4    ALJ rendered his decision.[3]  Accordingly, considering the record as a
5    whole, including the additional evidence submitted by plaintiff to the
6    Appeals Council, the ALJ's rejection of the opinion of Dr. Lee is not
7    supported by substantial evidence and free from legal error.

9        On remand, Dr. Lee's opinion must be considered in its entirety
10   with proper evaluation of his August 24, 2010 Questionnaire.  Further,
11   should the ALJ again elect to give Dr. Lee's opinion "limited weight"
12   and, instead, to give controlling weight to the opinion of a
13   nonexamining State agency physician, then the ALJ must set forth
14   specific and legitimate reasons for doing so.

16   **II.   The ALJ Failed To Give Clear And Convincing Reasons For**
17   **Finding Plaintiff's Testimony To Be Not Credible.**

19       Once a disability claimant produces objective medical evidence of
20   an underlying impairment that is reasonably likely to be the source of
21   claimant's subjective symptom(s), all subjective testimony as to the

_____

[3]      The Appeals Council considered the August 24, 2010
Questionnaire (A.R. 4.), which it made part of the Administrative
Record, but determined that the evidence "d[id] not provide a basis for
changing the [ALJ]'s decision" (A.R. 2).  Notwithstanding the Appeals
Council's determination, this Court must consider such evidence in
determining whether the ALJ's decision is supported by substantial
evidence and free from legal error.  *See* Brewes v. Comm'r of SSA, 682
F.3d 1157, 1163 (9th Cir. 2012)(holding that "when the Appeals Council
considers new evidence in deciding whether to review a decision of the
ALJ, that evidence becomes part of the administrative record, which the
district court must consider when reviewing the Commissioner's final
decision for substantial evidence").

severity of the symptoms must be considered.  _Moisa v. Barnhart_, 367 F.3d 882, 885 (9th Cir. 2004); _Bunnell v. Sullivan_, 947 F.2d 341, 345 (9th Cir. 1991); _see also_ 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."  _Robbins_, 466 F.3d at 883.  The factors to be considered in weighing a claimant's credibility include:  (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains.  _See_ _Thomas v. Barnhart_, 278 F.3d 947, 958-59 (9th Cir. 2002); _see also_ 20 C.F.R. §§ 404.1529(c), 416.929(c).

The ALJ found plaintiff has the severe impairments of fibromyalgia syndrome and diabetes mellitus.  (A.R. 20.)  However, he found that plaintiff's "statements concerning the intensity, persistence and limiting effects of her symptoms are credible only to the extent they are consistent with [his RFC] assess[ment]."  (A.R. 23.)  The ALJ cited no evidence of malingering by plaintiff.  Accordingly, the ALJ's reason for rejecting plaintiff's credibility must be clear and convincing.

The ALJ found plaintiff's subjective complaints to be "not fully credible," because (1) "[a]lthough [plaintiff] subscribes to a wide variety of pains and other physical complaints, there are no objective

11

medical, clinical, laboratory, or radiographic findings to support these asserted symptoms"; and (2) plaintiff "has demonstrated for at least the past 3 years that she is able to work for 15 hours per week," and "[t]here is a total lack of medical evidence to show that she could not do the same work for 40 hours per week."  (A.R. 23.)

The ALJ's first ground for finding plaintiff to be not credible cannot, by itself, constitute a clear and convincing reason for discrediting plaintiff.  The failure of the objective medical record to corroborate fully plaintiff's subjective symptom testimony is not, by itself, a legally sufficient basis for rejecting such testimony. Rollins, 261 F.3d at 856; Burnell, 947 F.2d at 347 (noting that "[i]f an adjudicator could reject a claim of disability simply because [plaintiff] fails to produce evidence supporting the severity of the pain there would be no reason for an adjudicator to consider anything other than medical findings").  Moreover, the lack of objective medical evidence is consistent with the nature and symptoms of fibromyalgia. Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004)(stating that fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms").  Accordingly, the ALJ's finding that the objective evidence does not support the extent of plaintiff's symptoms cannot, without more, constitute a clear and convincing reason for discrediting plaintiff's testimony.  See Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988); Cotten v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

The ALJ's second ground for discrediting plaintiff is also not clear and convincing.  While it is true that plaintiff works 15 hours

12

per week (three hours a day, five days a week), plaintiff did not indicate that she is capable of sustained work. (A.R. 33.)   In fact, when asked by the ALJ "why can't you work through the pain and put in another 15 hours a week," plaintiff responded that she cannot do so, because the pain is "very severe" and the "medicine that they put me on makes me very groggy."[4]   (A.R. 36.)   Thus, the ALJ fails to demonstrate how plaintiff's ability to work part-time as a caregiver amounts to the ability to engage in, and sustain, full-time competitive work.   *See* Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not 'vegetate in dark room' to be deemed eligible for benefits); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)("The Social Security Act does not require that [an individual] be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")(internal citations omitted).   As such, the ALJ's second reason for discrediting plaintiff's testimony is unavailing.

    Accordingly, for the aforementioned reasons, the ALJ failed to give clear and convincing reasons, as required, for discrediting plaintiff's

---

[4]     While not raised by plaintiff, the Court notes that the ALJ must also consider all the side effects of plaintiff's pain medication and their impact on plaintiff's ability to work.  There is no indication that the side effects of plaintiff's medications were considered in the ALJ's disability evaluation.   *See* Erickson v. Shalala, 9 F.3d 813, 817–18 (9th Cir. 1993)(noting that an ALJ must consider all factors, including the side effects of medications, that might have a "'significant impact on an individual's ability to work'")(citation omitted); *see also* Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2-*3, 1996 SSR LEXIS 4, at *7-*8 (noting that the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms should be considered in the disability evaluation); 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

1  subjective pain testimony.[5]

2

3       **III. Remand Is Required.**

4

5       The decision whether to remand for further proceedings or order an
6  immediate award of benefits is within the district court's discretion.
7  Harman, 211 F.3d at 1175-78.  Where no useful purpose would be served by
8  further administrative proceedings, or where the record has been fully
9  developed, it is appropriate to exercise this discretion to direct an
10  immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to
11  remand for further proceedings turns upon the likely utility of such
12  proceedings.").  However, where there are outstanding issues that must
13  be resolved before a determination of disability can be made, and it is
14  not clear from the record that the ALJ would be required to find the
15  claimant disabled if all the evidence were properly evaluated, remand is
16  appropriate.  *Id.* at 1179-81.

17

18      Remand is the appropriate remedy to allow the ALJ the opportunity
19  to remedy the above-mentioned deficiencies and errors.  *See, e.g.,*
20  Benecke, 379 F.3d at 593 (remand for further proceedings is appropriate
21  if enhancement of the record would be useful); *see* Dodrill v. Shalala,
22  12 F.3d 915, 918 (9th Cir. 1993)(ordering remand so that the ALJ could
23  articulate specific and appropriate findings, if any existed, for
24  rejecting the claimant's subjective pain testimony).

25

26  _____

27      [5]  While the Commissioner now offers other reasons to explain the
    ALJ's credibility determination, the Court cannot entertain these post
    hoc rationalizations.  *See, e.g.*, Orn, 495 F.3d at 630; Connett, 340
28  F.3d at 874.

The ALJ needs to reconsider plaintiff's testimony regarding her pain and ability to work and, if appropriate, give clear and convincing reasons for rejecting it.  In addition, the ALJ must give plaintiff's treating physician's opinion its deserved weight or give specific and legitimate reasons for not doing so.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 27, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

15